George E. GOSSETT III, on behalf of himself and all others similarly situated, Plaintiff,

v.

CMRE FINANCIAL SERVICES, Defendant.

Case No. 15cv803 MMA (NLS).

United States District Court, S.D. California.

Signed Oct. 30, 2015.

Alexis M. Wood, Kas L. Gallucci, Ronald Marron, Law Offices of Ronald A. Marron,

Daniel G. Shay, Law Offices of Daniel G. Shay, San Diego, CA, for Plaintiff.

David J. Kaminski, Martin Schannong, Stephen A. Watkins, Carlson & Messer LLP, Los Angeles, CA, for Defendant.

## ORDER DETERMINING JOINT MOTION FOR RESOLUTION OF DISCOVERY DISPUTE NO. 1 AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR FURTHER SUPPLEMENTAL RESPONSES

NITA L. STORMES, United States Magistrate Judge.

Plaintiff George E. Gossett, III filed this class action under the Telephone Consumer Protection Act (TCPA) alleging that from October 2014 to February 2015, defendant CMRE Financial Services (CMRE) made unsolicited phone calls to his wireless phone in an attempt to collect an alleged debt. Compl. ¶¶ 12, 14–15. Gossett says he never consented to the calls. Compl. ¶ 12. The calls were placed allegedly via an automatic telephone dialing system (ATDS) and left messages with an artificial or prerecorded voice. Compl. ¶¶ 13, 16–17. Gossett asserts he is a member of a nationwide class that received these unsolicited calls. Compl. ¶ 24. On October 21, 2015, Gossett filed a motion for leave to file an amended complaint to add new allegations and claims relating to the Fair Debt Collection Practices Act. [Dkt. No. 27.] That motion is set for a hearing on November 23, 2015.

The parties presented this court with a discovery dispute regarding CMRE's responses to Gossett's first set of interrogatories and requests for production. This court already determined many of the same legal issues in an order addressing a discovery motion filed in *Thrasher v. CMRE Financial Services, Inc.,* Case No. 14cv1540 BEN (NLS). *See* Dkt. No. 28. The same attorneys who represented plaintiff Thrasher represent plaintiff Gossett in this case. CMRE is using the same defense attorneys here that it used in *Thrasher*.

Because this court already determined in *Thrasher* many of the same legal issues presented here for exactly the same claims, the court relies heavily on its March 13, 2015 Order Determining Joint Motion for Resolution of Discovery Dispute No. 1 issued in *Thrasher* (*Thrasher* Order). For the following reasons, the court determines the discovery dispute, and **GRANTS in part** and **DENIES in part** Gossett's request for further supplemental responses.

### Relevant Background.

CMRE is a debt collector for health care providers. Compl. ¶ 6. Lawrence Decl. ¶ 33. It entered into a "Global Connect User Agreement" and a "Confidentiality Agreement" with Global Connect. Gallucci Decl., Exs. 11, 12. In response to a subpoena that Gossett issued to Global Connect, Global Connect explains that it "does not make phone calls to call recipients, [it] is a common carrier that provides CMRE with the ability to place phone calls to call recipients." Gallucci Decl., Ex. 9, p. 133. Global Connect goes on to explain:

> [W]hen CMRE places telephone calls using the Global Connect software platform, CMRE provides the name of the consumer, the telephone number for which CMRE is placing a call through the Global Connect software platform, and the CMRE account number associated with the consumer to whom CMRE is placing a call through the Global Connect software platform.

*Id.* at 134.

But CMRE, has a different impression of the role Global Connect plays in placing these calls:

CMRE does not make the majority of the calls to consumers in its records. . . .

CMRE provides Global Connect a call list of calls to be made that day by uploading the file to Global Connect. * * *

Global Connect then makes the calls using its telephone equipment.

Lawrence Decl. ¶¶ 3, 4, 6. CMRE distinguishes the calls that CMRE itself makes by "using a standard handset not connected to any automated telephone dialing equipment." Lawrence Decl. ¶ 3.

At issue in this dispute are three categories of documents: (1) CMRE's outbound calls lists and related documents; (2) documents related to CMRE's affirmative defense of "prior express consent," including skip trace reports and numbers obtained via number trapping; and (3) documents between CMRE and Global Connect.

### Discussion.

#### 1. Outbound Call Lists and Related Documents.[1]

**Interrogatory No. 5:** Gossett seeks the date and time of each phone call CMRE made to him and each call recipient from April 10, 2011 to the present.

**RFP No. 10:** All documents and ESI that identify the total number of phone calls made to the call recipients.

**RFP No. 29, 30, 31:** All documents and ESI sufficient to identify the total number of call recipients, and the process(es) or methods used to identify that number, as well as the total number of phone calls made to the cellular phones of the call recipients, and the telephone dialing equipment used to make those calls, pre-

sented in a commercially usable and searchable format.

CMRE objects to these discovery requests because they (1) seek irrelevant information; (2) are overbroad and unduly burdensome; (3) invade privacy rights and seek confidential and proprietary information, including information that may be protected against disclosure under HIPAA; (4) are premature; and (5) are not under the control of CMRE but rather are controlled by Global Connect. Notwithstanding these objections, CMRE produced a single-page list of the calls made to individual plaintiff Gossett that included the dates and times of the calls.

Gossett argues the call lists are relevant to merits and to numerosity and commonality under Rule 23. In *Thrasher*, this court found that despite the same objections as asserted here, the outbound call list was reasonably calculated to identify the number of call recipients, which was relevant to Rule 23 requirements. Gossett argues that this situation is no different than the one in *Thrasher*, and so the court must again order CMRE to produce the call lists and related documents. CMRE argues that the circumstances have changed.

In *Thrasher*, this court found that CMRE did not have to create call lists by reviewing information in its individual account notes and exporting the relevant information from each individual account note. Instead, the court ordered CMRE to produce the call lists that it admitted— by declaration—that it had already created and provided daily to Global Connect.[2] But now, CMRE says it cannot produce

---

1. The Interrogatory and Requests for Production at issue under "Outbound Call Lists" are identical to the ones at issue in *Thrasher*. They are even numbered identically.

2. Ultimately, CMRE did not produce those call lists in *Thrasher* because it says it could

not meet the two-week deadline. Instead, CMRE and Thrasher settled the case on an individual basis. But the court notes that CMRE never complained about the timeline in *Thrasher* or requested an extension of the deadline.

the call lists that it uploads daily to Global Connect because CMRE does not actually retain those lists. Lawrence Decl. ¶ 5. It believes, though, that Global Connect maintains a record of the calls it makes on behalf of CMRE. Lawrence Decl. ¶ 7. CMRE says that Global Connect can produce a list from April 10, 2011 to the present but notes that it will take at least three weeks to do so. Lawrence Decl. ¶¶ 16, 17.

■ CMRE's new argument that it does not retain the call lists it sends to Global Connect is not a convincing, new reason for this court to depart from the *Thrasher* order on this issue, especially when CMRE admits that responsive documents for the entire class period are available. Lawrence Decl. ¶¶ 16, 17. This court finds that the outbound calls lists are relevant to the class claims and meritorious claims and defenses in this case and overrules CMRE's objections to the requests. *See* Fed. R. Civ. Proc. 26(b)(1) (information sought is discoverable if it is "relevant to any party's claim or defense"); *Gaines v. Law Office of Patenaude & Felix*, APC, 2014 WL 3894348, at *2, 2014 U.S. Dist. LEXIS 110162, at *5 (S.D.Cal. June 12, 2014) ("the outbound dial list is relevant to the issues of numerosity and commonality"). CMRE need only provide the information specifically requested in the interrogatory and requests for production.

For the reasons stated here and as incorporated from the *Thrasher* Order, the court overrules all of CMRE's objections to Interrogatory No. 5 and RFP Nos. 10, 29, 30 and 31 and grants Gossett's motion to compel responses to these discovery requests.[3]

---

**3.** The court incorporates by reference pages 3 through 5 of the *Thrasher* Order, which discusses in more detail the overruling of objections based on overbreadth, privacy, confidentiality, and control by a third party.

**2. Prior Express Consent.**

**RFP Nos. 13, 14:** All documents, ESI, and communications that represent prior express consent that call recipients provided to receive phone calls.

CMRE objects to these requests because they (1) seek irrelevant information; (2) are overbroad and unduly burdensome; (3) invade privacy rights and seek confidential and proprietary information, including information that may be protected against disclosure under HIPAA; and (4) are not under the control of CMRE but rather are controlled by Global Connect. Gossett argues the information is relevant to counter the affirmative defense of express consent and that he needs to take a Rule 30(b)(6) deposition about the evidence. Alternatively, Gossett says that if CMRE agrees to forego introducing any evidence of prior express consent, then he will not seek its production in discovery.

■ In *Thrasher,* this court analyzed which party has the burden to establish prior consent, and found that the burden belongs to the defendant:[4]

> At the heart of this disagreement is determining which party has the burden to establish prior express consent. The TCPA states that it is "unlawful for any person within the United States ... to make any call (other than a call made ... with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). Courts within this district disagree, however, on whose burden it is to show "express consent."
>
> * * *

---

**4.** The court incorporates by reference pages 7 through 9 of the *Thrasher* Order.

[This court ultimately found that] the burden of proving prior express consent [did not switch] from the defendant to the plaintiff. *See, e.g., Heinrichs v. Wells Fargo Bank, N.A.,* 2014 WL 985558, *2–3, 2014 U.S. Dist. LEXIS 29910, *6–7 (N.D.Cal. Mar. 7, 2014) (denying a Rule 12(b)(6) motion to dismiss based on failure to plead lack of consent and noting that *Meyer* did not decide that lack of consent must be affirmatively pled); *see also Stemple,* 2013 U.S. Dist. LEXIS 99582 (post *Meyer,* finding that defendant bears the burden of proof) *and Gaines,* 2014 WL 3894348, 2014 U.S. Dist. LEXIS 110162 (post *Meyer,* compelling defendant to produce evidence of prior consent). This court agrees that if CMRE intends to rely on its ninth affirmative defense of prior express consent at trial, then it has the burden to prove "it had consent to call the phone numbers at issue, either via prior express consent or implied consent." *See* Answer, Dkt. No. 6, p. 11.

*Thrasher* Order, pp. 7, 9.

CMRE now attempts a second bite at the apple, arguing that a consumer's express consent to be contacted via an automated telephone dialing system is private medical information:

> Unlike in *Thrasher,* this time CMRE is making it clear—CMRE's clients are all medical providers, and number in the thousands. Lawrence Decl., ¶ 33. The conditions of admission or face sheet that may contain a consumer's phone number is typically not provided upon assignment, and remains with those clients. *Id.* This information is generally subject to Health Insurance Portability and Accountability Act ("HIPAA") which restricts its disclosure. *Id.*

Jt. Mtn, pp. 11–12. First, what is not clear is why CMRE thinks that this court did not understand that CMRE's client in *Thrasher*—Palomar Medical Center—was not a medical provider. The court understood that the entity for whom CMRE collected debts, Palomar Medical Center, was a medical provider and thus any medical information would have been protected by HIPAA. Second, this court distinguished a person's cell phone number and consent to be contacted on it from private medical information that is otherwise protected by HIPAA:

> The court finds that whether Plaintiff gave express consent to be contacted on her cell phone is not a matter that concerns the reasonable expectation of privacy she would otherwise have in her more personal medical history. *See Artis v. Deere & Co.,* 276 F.R.D. 348, 353 (N.D.Cal.2011) (citation omitted) ("the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories").

*Thrasher* Order, p. 9.

 Here, Gossett does not request private medical information. Gossett is only looking to see whether other patients agreed to be contacted on their cell phones by an automated telephone dialing system. This court supposes that in agreeing to collect debts on behalf of a client, CMRE most likely first satisfied itself that the debtor consented to being contacted on a cell phone by an "artificial or prerecorded voice" or an "automatic telephone dialing system." If CMRE does not obtain physical evidence of that consent along with the debtor's contact information, then that is the risk it takes in conducting debt collection on behalf of a client. Either way, if CMRE intends to rely on the affirmative defense of prior express consent, it has the burden to prove it. If the consent happens to be in a medical record, then CMRE can redact

any private medical information from that record. Phone numbers and related information are distinguishable from medical records and histories and thus not subject to the same privacy protection. *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D.Cal. 2011) (citation omitted).

■ Finally, CMRE need only provide evidence of consent if it intends to rely on it at trial. If it does not intend to rely on any evidence of prior express consent, it need not produce the responsive discovery. *See Gaines*, 2014 WL 3894348, 2014 U.S. Dist. LEXIS 110162 ("Defendant shall produce any and all documents and communications that it will rely upon at class certification, trial, or any other hearing, to show prior express consent."); *Moyle v. Liberty Mut. Retirement Ben. Plan*, 2013 WL 100281 (S.D.Cal. Jan. 7, 2013) ("To the extent that Defendants intend to rely at trial on the contents of personnel files of others, those materials must be produced in accordance with the district court's pretrial order or as otherwise required by law"); *Carl Zeiss Vision Inter. GmbH v. Signet Armolite, Inc.*, 2010 WL 743792 (S.D.Cal. Mar. 1, 2010) (precluding plaintiff from relying on documents produced two months after the close of discovery).

For the reasons stated here and for those reasons incorporated from the *Thrasher* Order, the court overrules CMRE's objections and grants Gossett's motion to compel responses to RFP nos. 13 and 14.

### 3. Skip Tracing[5] and Number Trapping[6].

**RFP No. 33, 34:** All documents and ESI that identify all telephone numbers

CMRE obtained through skip tracing and number trapping.

■ CMRE objects to these requests because they (1) are overbroad and unduly burdensome; (2) are premature; and (3) invade privacy rights and seek confidential and proprietary information, including information that may be protected against disclosure under HIPAA. Notwithstanding these objections, CMRE said it searched diligently for responsive documents but did not have any non-privileged, responsive documents within its possession, custody or control. Gossett argues the information is relevant to counter the affirmative defense of express consent and that numbers obtained through skip tracing or number trapping cannot constitute consent.

CMRE explains that its internal processes provide that numbers that are obtained through skip-tracing are not uploaded to Global Connect. Lawrence Decl. ¶¶ 23–27. Instead, those numbers are input to a "UW field" in the account notes, and will only be dialed by a human that picks up the phone and physically dials the number. Lawrence Decl. ¶ 27. As for numbers that are "trapped" via Caller ID, CMRE says "there is no mechanism to submit to the Global Connect system these Caller ID numbers." Lawrence Decl. ¶ 29. Further, these phone numbers are only maintained in CMRE's work cards and can only be obtained through a manual review of each account. Lawrence Decl. ¶¶ 28–32.

Based on CMRE's sworn statements that numbers obtained via skip tracing and number trapping are never given to Global Connect for automated calls, and that those numbers are only physically dialed

---

**5.** "Skip-tracing is the process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information." *Meyer v. Portfolio Re-*

*covery Associates, LLC*, 707 F.3d 1036, 1040 n. 1 (9th Cir.2012).

**6.** "Number trapping" is "obtaining phone numbers via Caller ID." Lawrence Decl. ¶ 28.

by humans as opposed to an automatic telephone dialing system, this court sustains CMRE's objections and denies Gossett's motion to compel further responses to RFP nos. 33 and 34.

### 4. CMRE and Global Connect.

**RFP No. 53:** All documents and ESI exchanged between CMRE and Global Connect from April 10, 2011 to the present, including all documents uploaded to Global Connect's cloud-based system and downloaded from it.

CMRE objects to this request because (1) it seeks documents protected by attorney-client privilege and work product doctrine; (2) it is overbroad and unduly burdensome; (3) seeks irrelevant information; and (4) invades privacy rights and seeks confidential and proprietary information, including information that may be protected against disclosure under HIPAA. By way of this request Gossett seeks the call lists that CMRE uploads to Global Connect each day, any information about CMRE's "call flows," and all invoices CMRE received from Global Connect from April 10, 2011 to the present, as this information is relevant to certification and merits.

 CMRE explains that it does not retain the call lists it uploads to Global Connect each day. Lawrence Decl. ¶¶ 4, 5. But as previously explained, this court ordered CMRE to produce that information, as it is relevant and CMRE said it could obtain it from Global Connect. As for "call flows," CMRE understands that this means "road maps on how calls are handled from the moment they enter the phone system to the end of the call." CMRE says it does not have any responsive documents as to "call flows." Lawrence Decl. ¶ 21. While the court is dubious that CMRE has no information—such as a script for its call agents or a training manual—that outlines different possible

scenarios for phone calls, Gossett has not explained how the call flow information is relevant to determining the number of calls made to cell phones by an automatic dialer or to ascertainability of the class. Finally, the invoices from Global Connect do not identify the phone number or the debtor called, only a reference number to "task lists." Lawrence Decl. ¶ 18. Gossett seeks the invoices apparently to cross reference them to the "task lists" so he can ascertain the phone numbers dialed. The court finds that this information will be duplicative of the phone numbers already ordered to be produced.

For all of these reasons, the court denies Gossett's motion to compel further responses to RFP no. 53.

### Conclusion.

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** Gossett's motion to compel further supplemental responses. The court **ORDERS** that by **December 1, 2015** CMRE must provide further responses to interrogatory number 5 and to requests for production numbers 10, 29, 30, 31, 13 and 14. If CMRE does not produce any documents regarding affirmative express consent and responsive to numbers 13 or 14, then CMRE must provide a declaration by **December 1, 2015** stating that it does not intend to rely on the defense of affirmative express consent.

### IT IS SO ORDERED.